J-S04021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEXIS RODRIGUEZ | |
| Appellant | No. 2282 EDA 2016 |

Appeal from the Judgment of Sentence May 3, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0004038-2015

BEFORE: SHOGAN, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED MARCH 23, 2017**

Alexis Rodriguez appeals from the judgment of sentence imposed on May 3, 2016, in the Court of Common Pleas of Northampton County. Rodriguez pleaded *nolo contendere* to aggravated assault, graded as a felony of the first degree,[1] and was sentenced to serve a term of three to 20 years' imprisonment. Based upon the following, we dismiss this appeal for failure to adhere to the Pennsylvania Rules of Appellate Procedure.

Rodriguez claims (1) he did not enter his *nolo contendere* plea knowingly, intelligently, and voluntarily, (2) the trial court abused its discretion by denying him a hearing on his motion to invalidate or withdraw

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(1).

his *nolo contendere* plea, and (3) the court sentenced him excessively. **See** Rodriguez's Brief at 7.[2] The Commonwealth contends that all issues raised in this appeal have been waived for failure to properly develop any arguments in the brief,[3] and we agree.

Appellate briefs must conform to the Rule of Appellate Procedure. Pa.R.A.P. 2101. Where an appellant sets forth no argument whatsoever in support of his claim, the claim is waived. **See Commonwealth v. Woodard**, 129 A.3d 480, 502 (Pa. 2015), *cert. denied*, 137 S. Ct. 92 (2016), *citing* **Wirth v. Commonwealth**, 95 A.3d 822, 837 (Pa. 2014) (holding "[w]here an appellate brief fails to … develop an issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate appellant's arguments for him." (internal quotations omitted)). **See also** Pa.R.A.P. 2119(a) (requiring argument in appellate briefs contain "such discussion and citation of authorities as are deemed pertinent"). Further, "if the defects are in the

---

[2] Rodriguez filed a post sentence motion to invalidate his *nolo contendere* plea and a motion for reconsideration of sentence, which were denied by the trial court. Rodriguez's post sentence motions "requested that the plea be vacated because his free will was overcome by his mental health disorders, his mother's terminal illness, abuse he was facing by other inmates in the county prison and overall pressure about what other's [sic] believed he had done. [Rodriguez] also complained that the sentence was too harsh and excessive." Rodriguez's Brief at 8.

[3] **See** Commonwealth Brief at 5.

brief of the appellant … and are substantial, the appeal may be quashed or dismissed." Pa.R.A.P. 2101.

The entire argument section for the three issues raised on appeal spans one and one-half pages. Each issue is discussed with perfunctory legal citation, followed two or three conclusory sentences. There is **no** factual discussion or analysis to demonstrate the trial judge's error in denying Rodriguez's post sentence motions to invalidate the *nolo contendere* plea and for reconsideration of sentence. As such, we deem the defects in Rodriguez's brief to be sufficiently substantial to preclude any meaningful review. We therefore elect to exercise our discretion under Rule 2101 and dismiss this appeal.[4]

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/2017

---

[4] The trial court has authored a comprehensive opinion that fully addresses and cogently rejects the claims raised by Rodriguez in the post sentence motions. If we were to reach the issues raised by Rodriguez, we would affirm on the basis of the August 17, 2016, opinion of the Honorable Jennifer R. Sletvold.